Filed 6/30/16  P. v. Wright CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>APHTON WRIGHT,<br><br>    Defendant and Appellant. | 2d Crim. No. B266737<br>(Super. Ct. No. BA423889)<br>(Los Angeles County) |

Aphton Wright appeals judgment following conviction by jury of first degree residential burglary of the home of Juan Carlos Garcia.  (Pen. Code, § 459.)[1]

In 2012, members of the Garcia family came home and found their home ransacked.  A window had been pried open, and palm prints on the sill matched those of Wright whom they had never met.  A sack of gold jewelry was missing.

A year and a half later, Carlos Huezo came home and found his front door had been broken open.  Jewelry and money were missing.  Huezo found his gloves on the floor near the entrance.  A sample taken from one glove included the combined DNA of Huezo and another person.  The other person's DNA would match 1 in 100,000 people, including Wright.

---

[1] All statutory references are to the Penal Code.

The jury convicted Wright of the burglary of the Garcia's home and acquitted him of the burglary of the Huezo's home. Wright admitted that he suffered a prior conviction for robbery. (§ 211.) The trial court denied Wright's motion to strike the strike in the interest of justice.[2] It sentenced Wright to 13 years in prison consisting of the four-year midterm, doubled for the strike, plus five years for the prior serious felony. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(e), 667, subd. (a)(1).) Before trial, the court conducted an in camera inspection of police records in response to Wright's *Pitchess*[3] motion, and found no relevant evidence to disclose

We appointed counsel to represent Wright in this appeal. After counsel's examination of the record, she filed an opening brief raising no issues. On April 25, 2016, we advised Wright by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have not received a response.

We have reviewed the entire record and are satisfied that Wright's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.
[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 535.

2

James R. Dabney, Judge

Superior Court County of Los Angeles

_____

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.